**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

KENNETH BENNETT, individually, and
on behalf of the class,

        Plaintiff-Appellant,

v.

RELIASTAR LIFE INSURANCE
COMPANY, a Minnesota Corporation,

        Defendant-Appellee.

</td><td>

No.   20-56012

DC No. 2:20-cv-06529 PA

MEMORANDUM*

</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted November 17, 2022**
Pasadena, California

Before:    TASHIMA and NGUYEN, Circuit Judges, and FITZWATER,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

## BACKGROUND

**I.      Factual Background.**

Bennett purchased a universal life insurance policy from ReliaStar's predecessor, Northern Life Insurance Company, in 1992. The policy provided coverage for Bennett's life, with a maturity date following his 95th birthday. It did not contain any renewal provision. Unlike other insurance policies that require mandatory premium payments, Bennett's policy allowed him to choose when to pay premiums and how much. Initially, Bennett opted to make quarterly payments of $124.

When Bennett made a premium payment, it was added to his policy's "accumulation value." The accumulation value was determined by Bennett's premium payments, a monthly interest credit, any policy loans or withdrawals made by Bennett, and a recurring "monthly deduction" to cover the cost of insurance and other fees. The monthly deduction was a charge against the accumulation value. So long as the policy's cash surrender value was equal to or greater than the monthly deduction, premium payments were optional. The policy would remain in force as long as the cash surrender value was sufficient to cover the policy's monthly deductions.

If the cash surrender value fell below the amount of the monthly deductions, Bennett's policy would enter a 61-day grace period. The grace period provision states, "[d]uring the grace period, we will send you notice of the premium required to keep the policy in force." Failure to pay the premium stated in the grace period notice would cause Bennett's insurance coverage to terminate at the end of the grace period. The grace period provision further states, "[w]e will send you and any assignee of record notice of the required premium at least 30 days before we lapse this policy." Lastly, the policy provided that it could be reinstated at any time within five years after lapse, provided that certain conditions are met.

Bennett contends that he made the "required minimum premium payments through automatic deduction from his bank account" for nearly two decades, including at the time his policy lapsed. However, in May 2019, Bennett received notice that his policy terminated "for insufficient cash value to cover the cost of insurance and expenses." Bennett alleges that he did not receive a lapse notice prior to the termination notice, nor did he receive notice of a right to designate a third party to receive notice of the pending lapse.

The notice of termination also notified Bennett that he could apply for reinstatement of the policy. This right to seek reinstatement lasted for 5 years, until May 2024. Bennett claims that the termination notice stated that applying for

3

reinstatement "would require evidence of insurability, underwriting approval[,] and payment of all past due premiums." Bennett declined to reinstate his policy. Instead, he elected to file this action.

## II.  Procedural History.

Bennett commenced this diversity action on his own behalf and on behalf of a putative class. He asserted claims for declaratory relief, breach of contract, and unfair competition under California law. All of Bennett's claims are based on his contention that ReliaStar was required, but failed, to comply with Sections 10113.71 and 10113.72 of the California Insurance Code (the "statutes"), which were enacted in 2013, before ReliaStar terminated his policy.

ReliaStar moved to dismiss Bennett's claims for lack of subject matter jurisdiction and lack of standing, and because the statutes do not apply retroactively to Bennett's policy. The district court rejected ReliaStar's argument that Bennett lacked standing, ruling that "the termination of the policy is sufficient to constitute injury in fact for standing purposes." Concluding, however, that the statues do not apply retroactively, the district court agreed with ReliaStar that the statutes do not govern Bennett's policy, which was issued in 1992. Because that issue was dispositive of all of Bennett's claims, the district court dismissed the

complaint with prejudice. On appeal, Bennett argues that the district court erred in concluding that the statutes do not apply retroactively.

After briefing was completed, the California Supreme Court's decided *McHugh v. Protective Life Insurance Co.*, 494 P.3d 24 (Cal. 2021). In *McHugh*, the state high court held that the procedural protections upon which Bennett's claims rest "apply to all policies in effect as of the sections' effective date." *Id.* at 45.

## DISCUSSION

### I.   Bennett has standing to sue based on ReliaStar's termination of his life insurance policy.

ReliaStar argues that the district court lacks subject matter jurisdiction over Bennett's claim because he did not suffer an Article III injury. Since Bennett has the right to apply for reinstatement of his policy until May 2024, ReliaStar argues that Bennett cannot show that "he has suffered an 'actual or imminent injury'" (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)); *Torres v. Unum Life Ins. Co. of Am.*, 2009 WL 69358 (N.D. Cal. Jan. 9, 2009)). The district court rejected ReliaStar's argument, finding that "the termination of the policy is sufficient to constitute injury in fact for standing purposes."

District courts in this circuit have addressed this question. For example, in *Siino v. Foresters Life Insurance & Annuity Co.*, 2020 WL 8410449, *4 (N.D. Cal.

2020), the court concluded that the wrongful termination of the plaintiff's life insurance policy constituted "an injury in fact sufficient to establish standing[,]" even where the plaintiff could have sought reinstatement of the policy. The court reasoned that the ability to seek reinstatement of a life insurance policy upon termination "is irrelevant." *Id.* (citing *Bennett v. Am. Gen. Life Ins. Co.*, 2015 WL 12661909, at *6 (C.D. Cal. 2015)). Similarly, here, Bennett would suffer injury because he alleges that he would have to pay past due premiums for a period during which he had no coverage. We therefore affirm the district court's conclusion that Bennett has standing.

## II. Remand is appropriate in light of the California Supreme Court's decision in *McHugh.*

The California Supreme Court's opinion in *McHugh* squarely resolves the parties' remaining arguments on appeal. In concluding that the statutes do not apply retroactively to life insurance policies issued before the enactment of the statues, such as Bennett's, the district court relied on the California Court of Appeal's decision, *McHugh v. Protective Life Insurance Co.*, 253 Cal. Rptr. 3d 780 (Ct. App. 2019), which concluded that the statutes do not apply retroactively. *See id.* at 788. As noted above, however, after briefing in this appeal was complete and while this case was stayed, the California Supreme Court reversed the California Court of Appeal. The California Supreme Court held "that sections 10113.71 and

6

10113.72 apply to all life insurance policies in force when these two sections went into effect, regardless of when the policies were originally issued." *McHugh,* 494 P.3d 27. "The grace period and notice protections apply to all policies in effect as of the sections' effective date[.]" *Id*. at 45.

## CONCLUSION

Although *McHugh* definitively addresses and decides the state-law issue on which the district court's order is based, the district court did not rule on the other issues raised by ReliaStar's motion to dismiss. In light of *McHugh*, the parties agree that the proper resolution of this appeal is to vacate and remand for the district court to address the remaining issues on the motion to dismiss. In accordance with the parties' agreement, we REVERSE the district court's decision and REMAND the case for further proceedings. Bennett is awarded his costs on appeal.

**REVERSED and REMANDED.**